[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION Re: Application for Writ of habeas Corpus
The petitioner, Eddie Mendes, an inmate at Gamer Correctional CT Page 2817 Institution (Gamer), filed a petition for a writ of habeas corpus against the respondent, the Department of Correction, on April 22, 1999. The petitioner was disciplined following a search of his cell, which resulted in the discovery of two prescription packets that had been previously issued by the Department of Correction. According to the disciplinary reports, the prescription packets contained unidentified pills with expired dates. (Respondent's Exhibit A.) On or about October 21, 1998, a hearing was held and the petitioner was found guilty of possessing Contraband B and received a thirty day loss of telephone privileges.
The petitioner claims that his confinement is illegal because a disciplinary hearing was denied him or improperly held, specific conditions in the prison are inhumane and dangerous, and the correction officers violated institution rules. The petitioner requests that he be released or, alternatively, that the court order him another parole hearing. The petitioner alleges that he missed a parole hearing as a result of this matter. (Petition for a Writ of Habeas Corpus, April 22, 1999.)
"[T]he judicial authority may . . . dismiss the petition, or any count thereof, if it determines that: (1) the court lacks jurisdiction; (2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted; . . . (4) the claims asserted in the petition are moot or premature; [or] (5) any other legally sufficientground for dismissal of the petition exists." (Emphasis added; internal quotation marks omitted.) Shashaty v. Commissioner, Superior Court, judicial district of Danbury, Docket No. 335534 (September 8, 1999,Moraghan, J.), quoting Practice Book § 23-29.
The factual basis for the petitioner's discipline for possessing Contraband B was the finding that the prescription medication had previously expired. The respondent contends that although the prescription medication was originally issued by the Department of Correction, it became unauthorized once it expired.
The petitioner admits that he had prescription medication in his possession. The petitioner pleaded not guilty at the disciplinary hearing, however, because he claims he should not be disciplined for possessing pills that were issued to him by the Department of Correction. Specifically, the petitioner argues that the medication is not contraband, under any of the definitions set forth in Administrative Directive 9.5, because there is no rule regarding an inmate having medication past its expiration date. Further, the petitioner argues that his prescription medication does not fall within the definitions of contraband set forth in the Garner inmate handbook. The petition, therefore, disputes that the rules defining contraband encompass the CT Page 2818 petitioner's property, namely, expired prescription medication.
Administrative Directive 9.5 defines contraband as "[a]nything not authorized to be in an inmate's possession or anything used in an unauthorized or prohibited manner." (Petitioner's Exhibit 1, p. 1.) The Administrative Directive further defines contraband by dividing it into two distinct classes, Contraband Class A and Contraband Class B.[1]
Contraband Class A is defined as "[m]aking, transferring or possessing: a dangerous instrument; any item of use in making, attempting or aiding an escape; unauthorized currency; drugs or drug paraphernalia; an intoxicating substance; unauthorized medication or a tattoo machine or equipment." (Emphasis added.) (Petitioner's Exhibit 1, p. 7.) Contraband Class B is defined as "[b]eing in possession of unauthorized items or of inmate personal property, state issue, or commissary items in excess of authorized amounts; or displaying nude or sexually explicit pictures." (Emphasis added.) (Petitioner's Exhibit 1, p. 9.)
Although Contraband Class A includes the possession of unauthorized medication, the petitioner was found guilty of the lesser offense, Contraband Class B, which includes an inmate being in possession of unauthorized items. (Petitioner's Exhibit 1, p. 9.) The Administrative Directive does not further define the term "unauthorized." The penalties imposed under the Directive include loss of telephone privileges for up to thirty consecutive calendar days, which was the penalty received by the petitioner in this case. (Petitioner's Exhibit 1, p. 5.)
The Garner inmate handbook also discusses contraband items and states that even authorized items, meaning those issued by the Department of Correction, can be considered contraband and confiscated if found in excessive quantities.[2] (Petitioner's Exhibit 2, p. 5.) Although the petitioner's prescription medication was not found in excessive quantities, the handbook suggests that items originally authorized by the Department of Correction may become contraband. This fact disputes the petitioner's argument that an item is always authorized if it is issued by the Department of Correction.
The petitioner's prescription medication was authorized when issued by the Department of Correction, however, it was found to be unauthorized once it expired. Although the definitions of contraband in Administrative Directive 9.5 and the Garner inmate handbook do not specifically include expired prescription medication, the definitions are broad enough to support a finding that the petitioner was in possession of unauthorized items, or Contraband Class B.
The rules that define the petitioner's property as contraband demonstrate that the correction officers had some basis in finding that CT Page 2819 the prescription medication became unauthorized once it expired and, therefore, that the petitioner was in possession of Contraband B. "The court is not warranted in setting aside the decisions of prison administrators that have some basis in fact." Quint v. Commissioner,
Superior Court, judicial district of Hartford, Docket No. 594024 (April 3, 2000, Corrigan, J.); see also Superintendent v. Hill, 472 U.S. 445,456, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).
In summary, there was a factual basis for finding the petitioner guilty of possessing Contraband B since the prescription medication had expired, and the record contains sufficient evidence to support the decision of the prison administrators. Accordingly, the petition for a writ of habeas corpus is dismissed.
Holden, J.